STEPHEN TSAI LAW OFFICES
991 U.S. Highway 22 West, Suite 102
Bridgewater, New Jersey 08807
(908) 927-1000
Counsel for Plaintiffs
  MICHAEL AVANT, SR. and
  CONSTANCE CLANTON

SEP - 4 2007

| | |
|---|---|
| MICHAEL AVANT, SR. and CONSTANCE CLANTON,<br><br>        Plaintiffs,<br><br>v.<br><br>JERMAINE D. MORRISON, TOM GARRITY, MARGARET ROJEK-BOGACZEWICZ, BARRY NORMAN, ERA QUEEN CITY REALTORS, GUARDIAN SETTLEMENT AGENTS INC., STEWART TITLE GUARANTY COMPANY, LAURIE ANN MORRISON, IJEOMA F. ONYEYIRIM, JOHN DOES 1 through 10, and XYZ CORPORATIONS 1 through 10,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br>Docket Number: L-1401-07<br><br>Civil Action<br><br><br><br>COMPLAINT |

The Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, by way of Complaint against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents, Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, hereby state as follows:

## PARTIES

1. The Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, are individuals with a principal place of residence located at 930 Sussex Avenue, Bridgewater, New Jersey 08807.

2. The Defendant Jermaine D. Morrison is an individual with a principal place of residence located at 623 John Street, Plainfield, New Jersey 07060.

3. The Defendants Tom Garrity and Margaret Rojek-Bogaczewicz are individuals with a principal place of residence located at 5 Monmouth Avenue, Bridgewater, New Jersey 08807.

4. The Defendant Barry Norman is an individual with a principal place of business located c/o ERA Queen City Realtors, 310 Park Avenue, Scotch Plains, New Jersey 07076.

5. The Defendant ERA Queen City Realtors is a business entity of the State of New Jersey with a principal place of business located at 310 Park Avenue, Scotch Plains, New Jersey 07076.

6. The Defendant Guardian Settlement Agents Inc. is a corporation of the State of New Jersey with a principal place of business located at 100 East 17th Street, Wildwood, New Jersey 08260.

7. The Defendant Stewart Title Guaranty Company is a corporation authorized to do business in the State of New Jersey with a principal place of business located at 1055 Parsippany Boulevard, Suite 503, Parsippany, New Jersey 07054.

8. The Defendant Laurie Ann Morrison is an individual with a principal place of residence located at 291 Mercer Street, Phillipsburg, New Jersey 08865-3132.

2

9. The Defendant Ijeoma F. Onyeyirim is an individual with a principal place of residence located at 272 West Main Street, Bound Brook, New Jersey 08805.

10. The Defendants John Does 1 through 10 and XYZ Corporations 1 through 10 are persons and entities, respectively, who contributed to the dispute between the parties or are otherwise liable as a matter of law for the resulting damages. Without limitation, they include persons or entities that either induced the breaches and/or improperly benefited from the same or contributed to the fraudulent conduct inflicted upon the Plaintiff.

## FACTUAL BACKGROUND

11. On or around January 17, 2006, the Plaintiffs and the Defendant Jermaine Morrison entered into an agreement (the "Agreement") pursuant to which the Plaintiffs and the Defendant Jermaine Morrison were to purchase and improve upon a parcel of real estate located at Block 517, Lot 7, on the tax map of the Township of Bridgewater, County of Somerset, State of New Jersey, more commonly known as 5 Monmouth Avenue, Bridgewater, New Jersey 08807 (the "Property").

12. Pursuant to the Agreement, the Plaintiffs provided funds for the purchase for the Property from their own funds and from a home equity loan.

13. Also pursuant to the Agreement, the Plaintiffs provided work, services, materials, and equipment in the construction of a single-family house upon the Property.

14. Pursuant to the Agreement, the Property with its newly-constructed improvements was to be placed on the market and sold.

15. Pursuant to the Agreement, when the Property was sold, the Plaintiffs were to be reimbursed for their expenditures and also receive a portion of the profits.

3

16. The Property was listed for sale by the Defendants Barry Norman and ERA Queen City Realtors.

17. Upon information and belief, on or about June 22, 2007, the Defendant Jermaine Morrison sold the Property to the Defendants Tom Garrity and Margaret Rojek-Bogaczewicz.

18. The Plaintiffs were not notified of the sale, not by any of the Defendants Jermaine Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, or ERA Queen City Realtors, despite the Plaintiffs numerous and repeated inquiries in that regard.

19. The Defendants Jermaine Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, or ERA Queen City Realtors were all aware of the contract for the sale of the Property and knew of the Plaintiffs' interest in the Property.

20. Upon information and belief, the Defendants Guardian Settlement Agents Inc. and Stewart Title Guaranty Company, Inc. insured the title for the Defendants Tom Garrity and Margaret Rojek-Bogaczewicz via commitment number 07-10794BTA.

## FIRST COUNT
### (Breach of Contract)

21. The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

22. The Plaintiffs and the Defendant Jermaine D. Morrison had an agreement under which the parties were to purchase and improve upon the Property for resale.

23. The Plaintiffs had a reasonable expectation that they would receive reimbursement for their expenditures and their share of the profits from the sale of the Property.

24. The Defendant Jermaine D. Morrison failed reasonable expectations of making the payments contemplated in the Agreement.

4

25. The Defendant Jermaine D. Morrison breached the Agreement by failing to deliver the payments contemplated in the Agreement.

26. The Plaintiffs were damaged as a result.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

b. Awarding the Plaintiffs attorneys' fees, interest and costs; and

c. Awarding the Plaintiffs such other relief as the Court may deem just.

## SECOND COUNT
(Failure of Consideration)

27. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

28. The Plaintiffs and the Defendant Jermaine D. Morrison had an agreement under which the parties were to purchase and improve upon the Property for resale.

29. The Defendant Jermaine D. Morrison never made the payments contemplated in the Agreement.

30. By failing to make the payments contemplated in the Agreement, the Agreement between the Plaintiffs and the Defendant Jermaine D. Morrison fails for insufficient consideration.

31. The Plaintiffs were damaged as a result.

5

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

b. Awarding the Plaintiffs attorneys' fees, interest and costs; and

c. Awarding the Plaintiffs such other relief as the Court may deem just.

### THIRD COUNT
### (Quantum Meruit)

32. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

33. The Plaintiffs provided funds for the purchase for the Property from their own funds and from a home equity loan, and also provided work, services, material, and equipment in the construction of a single-family house upon the Property.

34. The Defendants benefited from the Plaintiff's provision of funds, work, services, materials, and equipment to the Property.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

    b.    Awarding the Plaintiffs attorneys' fees, interest and costs; and

    c.    Awarding the Plaintiffs such other relief as the Court may deem just.

## FOURTH COUNT
### (Promissory Estoppel)

35.    The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

36.    For the foregoing reasons, the Plaintiffs are entitled to judgment based upon principles of promissory estoppel.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

    a.    Awarding the Plaintiffs compensatory and consequential damages;

    b.    Awarding the Plaintiffs attorneys' fees, interest and costs; and

    c.    Awarding the Plaintiffs such other relief as the Court may deem just.

## FIFTH COUNT
### (Conversion)

37.    The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

38. The Plaintiffs provided funds for the purchase for the Property from their own funds and from a home equity loan, and also provided work, services, material, and equipment in the construction of a single-family house upon the Property.

39. The Defendants the Plaintiffs' funds, work, services, materials, and equipment from the Plaintiff for their own benefit without any benefit to the Plaintiffs.

**WHEREFORE,** the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

b. Awarding the Plaintiffs attorneys' fees, interest and costs; and

c. Awarding the Plaintiffs such other relief as the Court may deem just.

## SIXTH COUNT
(Fraud)

40. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

41. At the time the Plaintiffs agreed to perform the work and provide the funds contemplated in the Agreement, the Defendants clearly and definitely promised the Plaintiffs that they would be reimbursed for their expenditures, and that the Plaintiffs would also receive a share of the profits.

42. The benefits of the Agreement included the reasonable expectation that there would be reimbursement of expenditures and a share of the profits upon sale of the property.

8

43. Upon information and belief, the Defendants had no intention of fulfilling these promises.

44. Instead, the Defendants intended to abandon their obligations under the Agreement without regard for possible consequences.

45. The Defendants intended not to pay the Plaintiffs even a penny.

46. The Defendants failed to disclose this strategy and made numerous false statements assuring the Plaintiffs that the work contemplated in the Agreement would be completed and otherwise be beneficial to the Plaintiffs.

47. The Defendants are bound by their promises to the Plaintiffs.

48. The Defendants should have reasonably expected that the Plaintiffs would rely on these promises.

49. The Defendants intended that the Plaintiffs rely upon these promises in order to induce the Plaintiffs into accepting them.

50. The Plaintiffs did rely upon the Defendants' promises.

51. The Plaintiffs justifiably relied on the Defendants' promises.

52. The Plaintiffs incurred damages to its detriment of a definite and substantial nature in reliance upon the Defendants' promises.

53. The Plaintiffs was unaware of the Defendants' intentions, and could not by the exercise of reasonable diligence have discovered them at any time prior to the Defendants' sudden refusal to complete the work contemplated in the Agreement.

54. As a result of the Defendants' conduct, the Plaintiffs were damaged.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-

9

Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

    a. Awarding the Plaintiffs compensatory and consequential damages;

    b. Awarding the Plaintiffs punitive damages;

    c. Awarding the Plaintiffs attorneys' fees, interest and costs; and

    d. Awarding the Plaintiffs such other relief as the Court may deem just.

## SEVENTH COUNT
### (Fraudulent Inducement)

55. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

56. The Plaintiffs were damaged by the Defendants' fraud in the inducement of the Agreement.

57. The Defendants' misrepresentations induced the Plaintiffs to enter into the Agreement with a false impression of the ability or willingness of the Defendants to reimburse the Plaintiff's expenditures and to pay the Plaintiffs' share of the profits.

58. The Plaintiffs relied on the Defendants' intentional and/or wanton, willful and reckless misrepresentations.

59. This fraud in the inducement caused harm to the Plaintiffs.

60. The harm to the Plaintiffs was caused by wanton, willful, reckless and/or intentional misconduct on the part of the Defendants.

61. In the alternative, the harm to the Plaintiffs was caused negligently.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

b. Awarding the Plaintiffs attorneys' fees, interest and costs; and

c. Awarding the Plaintiffs such other relief as the Court may deem just.

### EIGHTH COUNT
(Intentional Misrepresentation)

62. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

63. The Defendants affirmatively misrepresented facts that they knew or should have known to be false.

64. The Defendants wrongfully omitted facts that they knew or should have known would effectuate a wrongful misrepresentation.

65. The Plaintiffs justifiably relied upon these wrongful acts and omissions to its detriment.

66. The Defendants wrongfully concealed the fraud as aforesaid.

67. The acts and omissions of the Defendants were wanton, willful, reckless and/or intentional.

68. In the alternative, they were negligent.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

b. Awarding the Plaintiffs punitive damages;

c. Awarding the Plaintiffs attorneys' fees, interest and costs; and

d. Awarding the Plaintiffs such other relief as the Court may deem just.

## NINTH COUNT
### (Negligent Misrepresentation)

69. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

70. The Plaintiffs was damaged by the Defendants' negligent misrepresentation of facts.

71. The Defendants' careless and false statements in circumstances where care should have been taken caused harm to the Plaintiffs.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

b. Awarding the Plaintiffs attorneys' fees, interest and costs; and

c. Awarding the Plaintiffs such other relief as the Court may deem just.

## TENTH COUNT
### (Breach of Covenant of Good Faith and Fair Dealing)

72. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

73. The Plaintiffs were damaged by the Defendants' breach of the covenant of good faith and fair dealing.

74. The Defendants' breach of the covenant of good faith and fair dealing caused the Plaintiffs not to obtain the full benefit of the Agreement.

75. The Defendants breached the implied covenant to refrain from any act that would injure the Plaintiffs' right to receive the benefits of the Agreement.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

b. Awarding the Plaintiffs attorneys' fees, interest and costs; and

c. Awarding the Plaintiffs such other relief as the Court may deem just.

## ELEVENTH COUNT
### (Fraudulent Transfer)

76. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

77. On or around July 24, 2007, the Defendant Jermaine D. Morrison transferred property in his name located at 291 Mercer Street, Phillipsburg, New Jersey 08865-3132 to the Defendant Laurie Ann Morrison.

78. The Plaintiffs' claims arose before the Defendant Jermaine D. Morrison made such transfer.

79. Upon information and belief, the Defendant Jermaine D. Morrison made such transfer with the intent to hinder, delay or defraud his creditors, including the Plaintiffs.

80. Upon information and belief, the Defendant Jermaine D. Morrison made such transfer without receiving a reasonably equivalent value in exchange.

81. Upon information and belief, the Defendant Jermaine D. Morrison was insolvent at the time he made such transfer or became insolvent as a result of the transfer.

82. The Defendant Jermaine D. Morrison was engaged in or was about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

83. The Defendant Jermaine D. Morrison incurred or reasonably should have known he would incur debts beyond his ability to pay, including a debt to the Plaintiffs.

84. Accordingly, such transfer is fraudulent as to the Plaintiffs.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-

Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

    a.    Avoidance of the transfer to the extent necessary to satisfy the Plaintiffs' claim;

    a.    Awarding the Plaintiffs compensatory and consequential damages;

    b.    Awarding the Plaintiffs punitive damages;

    c.    Awarding the Plaintiffs attorneys' fees, interest and costs; and

    d.    Awarding the Plaintiffs such other relief as the Court may deem just.

## TWELFTH COUNT
### (Fraudulent Transfer)

85. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

86. On or around March 30, 2007, the Defendant Jermaine D. Morrison transferred property in his name located at 272 West Main Street, Bound Brook, New Jersey 08805 to the Defendant Ijeoma F. Onyeyirim.

87. The Plaintiffs' claims arose before the Defendant Jermaine D. Morrison made such transfer.

88. Upon information and belief, the Defendant Jermaine D. Morrison made such transfer with the intent to hinder, delay or defraud his creditors, including the Plaintiffs.

89. Upon information and belief, the Defendant Jermaine D. Morrison made such transfer without receiving a reasonably equivalent value in exchange.

90. Upon information and belief, the Defendant Jermaine D. Morrison was insolvent at the time he made such transfer or became insolvent as a result of the transfer.

91. The Defendant Jermaine D. Morrison was engaged in or was about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

92. The Defendant Jermaine D. Morrison incurred or reasonably should have known he would incur debts beyond his ability to pay, including a debt to the Plaintiffs.

93. Accordingly, such transfer is fraudulent as to the Plaintiffs.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

   a. Avoidance of the transfer to the extent necessary to satisfy the Plaintiffs' claim;

   a. Awarding the Plaintiffs compensatory and consequential damages;

   b. Awarding the Plaintiffs punitive damages;

   c. Awarding the Plaintiffs attorneys' fees, interest and costs; and

   d. Awarding the Plaintiffs such other relief as the Court may deem just.

### THIRTEENTH COUNT
(Fictitious Defendants)

94. The Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

95. The Defendants identified as John Does 1-10 and XYZ Corporations 1-10 are persons or entities that participated in the chain of causation in this matter, insofar as they

furthered the breaches of contract and fraudulent conduct; helped hide the same and/or were in a position to uncover them and did not do so in violation of a duty to the Plaintiffs.

**WHEREFORE**, the Plaintiffs herein, Michael Avant, Sr. and Constance Clanton, hereby demand judgment against the Defendants, Jermaine D. Morrison, Tom Garrity, Margaret Rojek-Bogaczewicz, Barry Norman, ERA Queen City Realtors, Guardian Settlement Agents Inc., Stewart Title Guaranty Company, Laurie Ann Morrison, Ijeoma F. Onyeyirim, John Does 1 through 10, and XYZ Corporations 1 through 10, jointly and severally, as follows:

a. Awarding the Plaintiffs compensatory and consequential damages;

b. Awarding the Plaintiffs punitive damages;

c. Awarding the Plaintiffs attorneys' fees, interest and costs; and

d. Awarding the Defendants such other relief as the Court may deem just.

STEPHEN TSAI LAW OFFICES
Counsel for Plaintiffs
MICHAEL AVANT, SR. AND
CONSTANCE CLANTON

By: _____
STEPHEN TSAI

Dated: August 31, 2007

## REQUEST FOR TRIAL BY JURY

The Plaintiffs hereby requests a trial by jury of this matter.

STEPHEN TSAI LAW OFFICES
Counsel for Plaintiffs
MICHAEL AVANT, SR. AND
CONSTANCE CLANTON

By: _____
STEPHEN TSAI

Dated: August 31, 2007

17

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1(c)

The Plaintiffs hereby designate Stephen Tsai as trial counsel with regard to this matter.

                                            STEPHEN TSAI LAW OFFICES
                                            Counsel for Plaintiffs
                                              MICHAEL AVANT, SR. AND
                                              CONSTANCE CLANTON

Dated: August 31, 2007                   By: _____
                                                      STEPHEN TSAI

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify pursuant to R. 4:5-1, that to the best of my knowledge, information and belief the matter in controversy is not the subject of any other action pending in any other Court or any pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. Further, at this time, I know of no other parties who should be joined in this action, subject to continuing discovery in this matter.

                                            STEPHEN TSAI LAW OFFICES
                                            Counsel for Plaintiffs
                                            MICHAEL AVANT, SR. AND
                                            CONSTANCE CLANTON

Dated: August 31, 2007                 By: _____
                                                  STEPHEN TSAI

SEP - 4 2007